STATE v. FRANK H. McGILL.

Washington County, 1893.

Before:   Ross, Ch. J., Rowell, Munson and Start, JJ.

*Intoxicating liquor.   Common nuisance.   Res judicata.·*

That the respondent has been convicted of maintaining at a certain
time and place a common nuisance, wherein intoxicating
liquor was kept with intent to unlawfully sell, furnish and
give away, is not conclusive evidence that the respondent
did then and there keep intoxicating liquor with such in-
tent.

Information for keeping intoxicating liquor with intent to
unlawfully dispose of the same.   Plea, not guilty.   Trial by
jury at the March term, 1893, Taft, J., presiding.

The information charged the respondent with having kept
liquor with intent to unlawfully sell, furnish and give away
the same at No 122 Main St.   On trial the State introduced
in evidence the record of a former conviction of the respond-
ent, wherein he was convicted of having maintained a com-
mon nuisance at 122 Main St., wherein intoxicating liquor
was kept with intent to unlawfully sell, furnish and give away
the same.   The identity of the person and place was con-
ceded; whereupon the court ruled that the question on trial
was *res judicata*, directed a verdict of guilty, and imposed
sentence, to which the respondent excepted.

*Lord & Boynton* and *John G. Wing* for the respondent.

If admissible for any purpose the record was not conclu-
sive.   *Cushman* v. *Loker*, 2 Mass. 108, *Com.* v. *Gorham*,

99 Mass. 420; *Faunce v. People*, 51 Ill. 311; *White* v. *Commonwealth*, 79 Va. 616; 1 Greenl. Ev. s. 375.

The court could not direct a verdict of guilty; *People* v. *Gastro*, 75 Mich. 132; *State* v. *Stewart*, 99 N. C. 563; *State* v. *Holt*, 90 N. C. 749; *McIvis* v. *State*, 51 Ala. 23; *Simms* v. *State*, 43 Ala. 33; *State* v. *Smallwood*, 75 N. C. 104; 2 Thom. Trials, p. 1,530, s. 2,149, and cases cited; *Roach et al.* v. *The People*, 77 Ill. 25; *White* v. *State*, 13 Tex. 139; Cooley's Con. Lim. 393-394 and notes; 3 Blacks. Com. 380; *State* v. *Maine*, 29 Conn. 281. *United States* v. *Taylor*, 3 McCrary, 500.

*Z. S. Stanton*, State's Attorney, for the State.

The judgment was properly in evidence and conclusive. *Blodgett* v. *Jordon*, 6 Vt. 580; *Gray* v. *Pingry*, 17 Vt. 419; *Whitney* v. *Clarendon*, 18 Vt. 252; *State* v. *Dewey*, 26 Atl. Rep. 69.

There being no question for the jury, it was proper for the court to direct a verdict. *State* v. *Burpee*, 65 Vt. 1; *United States* v. *Anthony*, 11 Blatch, 200; *Flint* v. *Commonwealth*, 12 Atl. Rep. 148.

The opinion of the court was delivered by

ROWELL, J. One who owns, keeps or possesses with intent to sell, furnish, or give away, intoxicating liquor in violation of law, commits an offence. R. L. 3,802. A place used as a place of resort, where intoxicating liquor is unlawfully sold, furnished or given away, or is kept for selling, furnishing or giving away unlawfully, is a common nuisance, kept in violation of law. R. L. 3,836. If one can be convicted of keeping such a nuisance without its appearing that he kept intoxicating liquor at the place with the intent aforesaid, the record of his conviction would not nec-

essarily establish that he was guilty of keeping with such intent, for that fact might not have been adjudicated.

That one may be thus convicted without its thus appearing, is manifest. Suppose men were accustomed to go into the respondent's place of business with bottles of liquor of their own in their pockets, and of there drinking it with others casually present whom they invited, the respondent suffering it but not otherwise having to do with it, this would be an unlawful giving away on the part of the owners of the liquor, and make the place a common nuisance; but it would not make the respondent guilty of owning, keeping nor possessing the liquor with the intent aforesaid, for he did not own, nor keep nor possess it in any sense.

It follows, therefore, that the judgment in the nuisance case was not necessarily conclusive of guilt in this case, and to treat it so was error. A decision of the question whether that judgment was sufficiently final to make the subject matter thereof *res judicata* is not important now, as the judgment has since been affirmed by the Supreme Court. Whether the court can direct a verdict of guilty in a criminal case is an important question; but as it is not necessary to decide it now, and not likely to arise again in this case, and can rarely arise in any case, and would necessarily go before the full bench if again up, we prefer to leave it undecided.

*Judgment and sentence reversed and cause remanded for a new trial.*